UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LATONYA HAYWARD                              CIVIL ACTION NO. 17-cv-0691

VERSUS                                       JUDGE DOUGHTY

U.S. COMMISSIONER SOCIAL SECURITY            MAGISTRATE JUDGE HORNSBY
ADMINISTRATION

**REPORT AND RECOMMENDATION**

LaTonya Hayward ("Plaintiff"), on behalf of her minor child, applied for social security disability benefits. The transcript shows that ALJ Charles Lindsay held a hearing and issued a detailed written decision that assessed the claim under the applicable law and denied benefits. The Appeals Council denied a request for review. Plaintiff, who is self-represented, then filed this civil action to appeal that decision pursuant to 42 U.S.C. § 405(g). She did so by filing a complaint on a form provided by the court. The two-page complaint complains generally of the Commissioner's adverse decision, but it gives no specific indication of error.

In accordance with a standing order, the Clerk of Court issued a Scheduling Order (Doc. 9), and the Commissioner filed the administrative transcript. The Scheduling Order explained that Plaintiff was allowed 60 days after the filing of the transcript to file a memorandum brief that outlined the course of the proceedings before the Agency and set forth specific errors that Plaintiff contends were committed at the administrative level. The order warned that (1) the court will consider only those errors specifically identified in the

briefs and (2) a general allegation that the ALJ's findings were unsupported by substantial evidence would be insufficient to invoke the appellate function of the federal court. See Masterson v. Barnhart, 309 F.3d 267, 271-72 (5th Cir. 2002) (describing federal court review of disability decisions). The scheduling order warned that failure to file a brief could result in dismissal of the appeal.

The Commissioner filed a copy of the administrative record, which triggered Plaintiff's 60-day period to file a brief. Plaintiff's November 13, 2017 deadline passed without action. The court issued an order in January 2018 that pointed out the lack of a brief and allowed Plaintiff until February 9, 2018 to file a brief. The order warned that failure to do so could result in dismissal. Doc. 10. That deadline passed more than a month ago, and Plaintiff has filed nothing.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute and pursuant to the court's inherent power to control its docket. The court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers. Rogers v. Kroger Company, 669 F.2d 317, 320–321 (5th Cir.1983); Link v. Wabash Railroad, 82 S.Ct. 1386, 1389-90 (1962).

The court has explained to Plaintiff the requirements to litigate and appeal from a final decision by the Commissioner. She has been specifically advised of the requirement of a brief and what it must include. Her deadline for filing a brief, even after extension, has passed without action by Plaintiff. It is not possible for the court to conduct the deferential review required by law in the absence of a brief that raises any particular errors

in the Commissioner's decision. Dismissal for failure to prosecute is warranted under these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of March, 2018.



Mark L. Hornsby
U.S. Magistrate Judge